UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SCOTT EDWARD LIPIEC,

           Plaintiff,

v.                                    Case No. 13-11123

ATTORNEY GENERAL, et al.,        HON. TERRENCE G. BERG
                                           HON. MONA K. MAJZOUB

           Defendants.
_____/

**ORDER GRANTING
DEFENDANTS' MOTION TO DISMISS**

This matter is before the Court on Defendants' June 12, 2013 motion to dismiss the amended complaint (Dkt. 9). Plaintiff filed a response on August 29, 2013, and later filed an "amendment to the first filing regarding the motion" (Dkt. 14) and an "addition to previous submissions" (Dkt. 15). Having reviewed the motion and accompanying exhibits, Plaintiffs' responses, and the remainder of the record, the Court finds that these documents adequately present the issues now before the Court, and that oral argument would not aid the decision. Accordingly, the Court will decide the motion without a hearing. E.D. Mich. LR 7.1(f)(2).

For the reasons set forth below, it is ORDERED that the Defendants' motion to dismiss (Dkt. 9) is GRANTED and the entire matter is DISMISSED WITH PREJUDICE.

### I.    FACTUAL BACKGROUND

This case is a challenge to Patient Protection and Affordable Care Act ("the Act"). (Dkt. 1 at 2.) Plaintiff alleges that the "individual mandate" and its "method

of collection" conflicts with the United States Constitution. (*Id.*) The complaint was submitted by pro se Plaintiff, and purports to bring claims against the Attorney General, the United States Attorney, and the Director of Health and Human Services.[1] (*Id.*) Plaintiff requests that the Act be made void. (*Id.* at 16.)

## II. LEGAL STANDARD

Defendants' motion is made under Federal Rule of Civil Procedure 12(b)(1) and alternatively under Rule 12(b)(6).

Federal Rule of Civil Procedure 12(b)(1) allows dismissal for lack of subject matter jurisdiction. Lack of subject matter jurisdiction is a non-waivable, fatal defect. *See Von Dunser v. Aronoff*, 915 F.2d 1071, 1074 (6th Cir. 1990). Plaintiff has the burden of proving subject matter jurisdiction to survive a motion to dismiss brought under Rule 12(b)(1). *See Madison-Hughes v. Shalala,* 80 F.3d 1121, 1130 (6th Cir. 1996). "A facial attack on the subject-matter jurisdiction alleged in the complaint questions merely the sufficiency of the pleading. When reviewing a facial attack, [the] court takes the allegations in the complaint as true . . . . If those allegations establish federal claims, jurisdiction exists." *Gentek Bldg. Products, Inc. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007).

A Rule 12(b)(6) motion tests whether a legally sufficient claim has been pleaded in a complaint, and provides for dismissal when a plaintiff fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "To survive a motion to

---

[1] As Plaintiff identifies the "Director of Health and Human Services" as "currently Kathleen Sebelius," the Court assumes Plaintiff means the United States Secretary of Health and Human Services. For similar reasons, the Court assumes that by Attorney General and United States Attorney, Plaintiff means the Attorney General of the United States and the United States Attorney for the Eastern District of Michigan.

dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A claim is facially plausible when a plaintiff pleads factual content that permits a court to reasonably infer that the defendant is liable for the alleged misconduct. *Id.* (citing *Twombly*, 550 U.S. at 556). When assessing whether a plaintiff has set forth a "plausible" claim, the district court must accept all of the complaint's factual allegations as true. *Ziegler v. IBP Hog Mkt., Inc.*, 249 F.3d 509, 512 (6th Cir. 2001). "Mere conclusions," however, "are not entitled to the assumption of truth. While legal conclusions can provide the complaint's framework, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 664. A plaintiff must provide "more than labels and conclusions," or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 556. Therefore, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

In ruling on a motion to dismiss, the Court may consider the complaint as well as (1) documents that are referenced in the plaintiff's complaint or that are central to plaintiff's claims, (2) matters of which a court may take judicial notice, and (3) documents that are a matter of public record. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *see also Greenberg v. Life Ins. Co. of Virginia*, 177 F.3d 507, 514 (6th Cir. 1999) (finding that documents attached to a motion to

3

dismiss that are referred to in the complaint and central to the claim are deemed to form a part of the pleadings).

### III. ANALYSIS

Plaintiff has failed to allege facts establishing his standing to sue, and this failure is fatal to his Complaint. *See Raines v. Byrd*, 521 U.S. 811, 818–19 (1997). While his lack of standing is enough by itself to require dismissal of the complaint, Plaintiff has also failed to state a claim upon which relief can be granted and this deficiency cannot be cured by amendment. The entire matter is, therefore, DISMISSED WITH PREJUDICE.

### A. Plaintiff Has Not Alleged Facts Establishing His Standing to Sue.

Plaintiff challenges the "individual mandate" provision from the Act, 26 U.S.C. § 5000A, but he has not alleged in any way how he will be harmed by that provision or the implementation of it. He mentions burdens it will impose on him (Dkt. 1 at 2), but he does not allege sufficient facts to support those allegations. *See Iqbal*, 556 U.S. at 678. He has not alleged that he has been subjected to any penalty, fine, or other harm because of the "mandate." He has not alleged that he has been fined or penalized, nor has he even alleged that he will be fined or penalized. It is not clear whether he is currently insured, whether he is regularly employed, whether his employer provides health insurance for him, whether he is not exempted from the tax, and so on. The complaint is completely devoid of facts necessary to establish his standing to sue.

Plaintiff appears to argue that he has standing to sue because he is a taxpayer and that tax dollars are being used for unconstitutional purposes. (Dkts. 12, 14.) Plaintiff is incorrect. "A plaintiff's status as a federal taxpayer generally does not give rise to the kind of redressable personal injury required for Article III standing . . . . [A] taxpayer's interest in the disbursement of federal appropriations is too generalized and attenuated to establish a particularized injury to the taxpayer-plaintiff." *Murray v. U.S. Dept. of Treasury*, 681 F.3d 744, 748 (6th Cir. 2012) (internal quotations omitted), cert denied, 133 S. Ct. 792 (2012). While there is a narrow exception when taxpayer-standing is permitted, this case does not meet at least the second part of the applicable two-part test. *See Flast v. Cohen*, 392 U.S. 83, 102–03 (1968) ("[T]he taxpayer must establish a nexus between that status and the precise nature of the constitutional infringement alleged. Under this requirement, the taxpayer must show that the challenged enactment exceeds specific constitutional limitations imposed upon the exercise of the congressional taxing and spending power and not simply that the enactment is generally beyond the powers delegated to Congress by Art. I, [§] 8.")

Because Plaintiff has not alleged facts sufficient to establish his standing to sue, this Court lacks subject-matter jurisdiction over his claims. The complaint must, therefore, be dismissed.

**B.     Plaintiff Fails to State a Claim Upon Which Relief Can Be Granted.**

Plaintiff offers four arguments as to why the "individual mandate" is unconstitutional. (Dkt. 1 at 4.) All of these arguments are groundless and fail.

Plaintiff argues that the Individual Mandate is "not uniform as required by Article 1 Section 8 Part 1" of the United States Constitution. (Dkt. 1 at 5–6.) This is incorrect. While Plaintiff expressly states that his challenges to the Act are distinct from the arguments made in *National Federation of Independent Business v. Sebelius*, and are not foreclosed by that decision, he is wrong. In that case the Supreme Court considered whether the enforcement mechanism for the "individual mandate" was constitutional, and clearly held that "the Constitution permits such a tax." *Nat'l Fed'n of Indep. Bus. v. Sebelius*, 132 S. Ct. 2566, 2600 (2012). The fact that the Court did not directly discuss Plaintiff's specific argument does not change the clear holding of that case. Further, as Defendants argue, the individual mandate does not even implicate the Uniformity Clause, which is a prohibition against taxes that are not uniformly applied geographically without a rational basis. *See United States v. Ptasynski*, 462 U.S. 74, 81–86 (1983).

Plaintiff next argues that the individual mandate is "more akin to the re-appropriation of property than an income tax, sales tax, sin tax, etc.; therefore should be protections [sic] under the 5th Amendment." This argument appears to be saying that the individual mandate is either an illegal deprivation of property without due process of law or a taking, in violation of the Fifth Amendment. (Dkt. 1 at 4, 7.) This is also incorrect. Again, the Supreme Court clearly held that "the Constitution permits such a tax." *Nat'l Fed'n of Indep. Bus. v. Sebelius*, 132 S. Ct. 2566, 2600 (2012). The fact that the Court did not directly discuss Plaintiff's specific argument does not change the clear holding of that case. Further, the Sixth Circuit

Court of Appeals has also more directly rejected Plaintiff's arguments. *See U.S. Citizens Ass'n v. Sebelius*, 705 F.3d 588, 601 (6th Cir. 2013); *McCarthy v. City of Cleveland*, 626 F.3d 280, 285 (6th Cir. 2010).

Plaintiff next argues that the individual mandate is an unconstitutional "ex post facto law." (Dkt. 1 at 4, 9.) This is also incorrect. "[A]n ex post facto law is one that 'imposes a punishment for an act [that] was not punishable at the time it was committed; or imposes additional punishment to that then prescribed.'" *United States v. Brady*, 88 F.3d 225, 227 (3d Cir. 1996) (quoting *Cummings v. Missouri*, 71 U.S. 277, 325–26 (1866)). Put another way, the Ex Post Facto Clause prohibits only certain laws that have retroactive effect. *See Johnson v. United States*, 529 U.S. 694, 699 (2000). Ex post facto means "after the fact," and the Constitution prohibits ex post facto laws that try to criminalize an activity, after the fact, that was legal at the time it was committed. U.S. Const. art. I, § 9, cl. 3; art. I, § 10, cl. 1. An example would be passing a new law making it an offense to drive without a seatbelt, and then trying to apply that law by prosecuting people who drove without a seatbelt *before the law went into effect*. The penalty related to the individual mandate applies only to conduct that occurs after the law came into effect. Contrary to Plaintiff's apparent belief, the individual mandate is plainly not retroactive. The Supreme Court clearly held that "the Constitution permits such a tax." *Nat'l Fed'n of Indep. Bus. v. Sebelius*, 132 S. Ct. 2566, 2600 (2012). This holding means that the individual mandate is permitted under the Constitution, even though the Court did not directly discuss Plaintiff's specific argument.

7

Plaintiff lastly argues that the individual mandate violates the Ninth Amendment because it is extortionate. (Dkt. 1 at 4, 10.) The Ninth Amendment states in full: "The enumeration in the Constitution of certain rights shall not deny or disparage others retained by the people." U.S. Const. amend. IX. The Ninth Amendment "does not confer substantive rights." *Gibson v. Matthews*, 926 F.2d 532, 537 (6th Cir. 1991). Therefore, Plaintiff's argument that the individual mandate is extortionate may not be raised as a violation of the Ninth Amendment. The Supreme Court has held that the individual mandate's enforcement mechanism does not violate the Constitution. *Nat'l Fed'n of Indep. Bus. v. Sebelius*, 132 S. Ct. 2566, 2600 (2012). The fact that the Court did not directly discuss Plaintiff's specific argument does not change the clear holding of that case.

## CONCLUSION

Plaintiff's complaint fails to establish his standing to sue, fails to state a claim upon which relief can be granted, and cannot be redeemed by amendment. Accordingly, it is ORDERED that Defendants' motion to dismiss (Dkt. 9) is GRANTED and the complaint is DISMISSED WITH PREJUDICE.

s/Terrence G. Berg  
TERRENCE G. BERG  
UNITED STATES DISTRICT JUDGE

Dated:  March 24, 2014

### Certificate of Service

I hereby certify that this Order was electronically submitted on March 24, 2014, using the CM/ECF system, which will send notification to each party.

By:  s/H. Monda for A. Chubb  
Case Manager

8